IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CLARENCE EDWARD WALLESKE,

    Petitioner,

v.                                      CASE NO. 1:08-cv-16-MP-AK

WALTER MCNEIL,

    Respondent.

_____/

## **REPORT AND RECOMMENDATION**

This matter is before the Court on Doc. 15, Respondent's motion to dismiss the petition for writ of habeas corpus as untimely filed. Petitioner has filed a response, and therefore, this cause is in a posture for decision. Having carefully considered the matter, the Court recommends that the motion to dismiss be denied.

Petitioner pled *nolo contendere* to three counts of lewd and lascivious battery and molestation of a child and exhibition and two counts of showing obscene material to a minor. Judgment was entered on June 27, 2005. Petitioner did not appeal, and thus, the conviction became final on July 27, 2005. Fla. R. App. P. 9.110(b). On March 27, 2006, Petitioner filed a Rule 3.850 motion for post-conviction relief in state court. Doc. 15, Ex. L; *see also Walleske v. Osburn*, Case No. 1:06cv107-MMP/AK (N.D. Fla.) (*Walleske I*) at Doc. 8. On May 16, 2006, Petitioner filed a habeas petition in this Court. *Walleske I* at Doc. 1. On June 16, 2006, the state court dismissed the 3.850 motion as facially insufficient but without prejudice for Petitioner to

file a facially sufficient motion.  *Id*. at Doc. 8.  More specifically, the court found that the motion was facially insufficient because Petitioner had failed (1) in his claim of ineffectiveness, to allege how counsel's actions prejudiced him, and (2) with regard to withdrawing his plea, to allege that he wanted to withdraw his plea or that "withdrawal of his plea is necessary to correct a 'manifest injustice.'" *Id*.  It did not set a deadline for filing a facially sufficient motion.

In accordance with the state court's order, on August 7, 2006, Petitioner filed another Rule 3.850 motion for post-conviction relief.[1]  Based on Petitioner's motion to dismiss and the undersigned's recommendation,  the first habeas petition was therefore dismissed in this Court without prejudice for failure to exhaust.  *Id*. at Doc. 9.  Petitioner's 3.850 motion then proceeded in state court, where it was denied and later affirmed on appeal with the mandate issuing on September 27, 2007.  *Walleske v. State*, 963 So.2d 706 (Fla. Dist. Ct. App. 2007).

On October 22, 2007, Petitioner filed a motion for belated appeal.[2]  By order dated October 30, 2007, the appellate court construed the motion as challenging the underlying criminal judgment but found the motion "legally insufficient in that it fails to set forth the specific acts sworn to by petitioner that constitute the basis for entitlement to a belated appeal. See Fla. R. App. P. 9.141(c)(3)(F)."  Doc. M.  More specifically, the court found that the motion "does not allege that petitioner timely made a request of his counsel to proceed with an appeal, or to otherwise demonstrate that through no fault of petitioner, a timely appeal was not taken."

---

[1]The motion is actually dated August 8, 2006; however, because the state court set the filing date as August 7, 2006, this Court will follow suit.

[2]This is the certificate of service date and will be used for purposes of determining the timeliness issue in this case.  It is clear that Petitioner gave the document to a prison official for mailing, but the handwritten date is not entirely legible in the form presented.

*Id*.  The court therefore "afforded [Petitioner] 30 days from the date hereof within which to serve an amended petition curing this deficiency." *Id*.  On November 11, 2007, Petitioner filed an amended motion for belated appeal.  Doc. 15, Ex. N.  On December 17, 2007, the court denied the motion on the merits.  Doc. 15, Ex. O.

The instant petition was filed on January 8, 2008, when Petitioner deposited the petition in the prison mail system.  *See Houston v. Lack*, 487 U.S. 266 (1988) (pursuant to "mailbox rule," date that petition was deposited with prison is controlling filing date, not actual date document was filed in court).

Section 2254 petitions are subject to a one-year statute of limitations.  28 U.S.C. § 2244(d)(1).  This limitations period runs from the latest of the following:  the date on which the state court judgment became final; the date on which an unconstitutional impediment which prevented the applicant from filing is removed; the date on which the right asserted was recognized by the United States Supreme Court and made retroactive on collateral review; or the date on which the factual predicate for the claim could have been discovered by due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D).  Only subsections(A) is at issue in this case.   From the date that Petitioner's conviction became final, he had one year to seek federal habeas review of his conviction, or July 27, 2006.  28 U.S.C. §2244(d)(1)(A).

Respondent did not alert the Court to the March 27, 2006, motion for post-conviction relief, focusing instead on the August 7, 2006, motion.  Assuming no relation back to the original 3.850 motion, from that later date, the instant petition would be untimely, as the one-year statute of limitations would have expired 11 days before the August motion was even filed.  However, since a "properly filed" motion for post-conviction relief will toll the one-year filing period, *id*.

at § 2244(d)(2), the question is whether the statute of limitations stopped on March 27, 2006, when Petitioner filed his first Rule 3.850 motion.

The answer to this question is governed by *Artuz v. Bennett*, 531 U.S. 4 (2000), in which the United States Supreme Court found that a post-conviction motion is "properly filed" when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz*, 531 U.S. at 8. "These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Id*. (citations and footnotes omitted). "[T]he question whether an application has been 'properly filed' is quite separate from the question whether the claims *contained in the application* are meritorious and free of procedural bar." *Id*. (emphasis in original). In short, the answer in this case hinges on whether facial sufficiency is a "condition to filing, as opposed to a condition to obtaining relief." *Id*. at 11. Towards that end, the Court looks to the "state procedural rules governing filings to determine whether an application for state post-conviction relief is 'properly filed.'" *Wade v. Battle*, 379 F.3d 1254, 1260 (11th Cir. 2004).

Without dispute, if the first 3.850 motion had been dismissed for untimeliness, lack of jurisdiction, or failure to submit the motion under oath, then it would not have been "properly filed," and tolling would not have occurred with its filing. *See Pace v. DiGuglielmo*, 544 U.S. 408 (2005) (untimely motion not properly filed); *Estes v. Chapman*, 382 F.3d 1237 (11th Cir. 2004) (motion filed with court not having jurisdiction not properly filed); *Hurley v. Moore*, 233 F.3d 1295 (11th Cir. 2000) (motion submitted without oath not properly filed). However, when the motion was dismissed for facial insufficiency, i.e., because it failed to plead sufficient facts

upon which relief could be granted, or, in the words of *Artuz*, because it failed to meet a "condition to obtaining relief," the first 3.850 motion plainly fell within the ambit of a "properly filed" motion, thereby triggering tolling.

With that said, the statute of limitations stopped running on March 27, 2006, after **243 days** of the one-year period had expired. It indisputably remained tolled between March 27, and June 16, 2006, when the first motion was dismissed. With 30 days added for time to appeal, then, the time was tolled until Monday, July 17, 2006.[3]

The statute of limitations resumed at that time and continued running another **21 days** until Petitioner filed the second 3.850 motion on August 7, 2006. The clock stopped at that time, and the time remained tolled until September 27, 2007, when the mandate affirming the dismissal of the second motion was issued.

Between September 27, and October 22, 2007, when Petitioner filed the motion for belated appeal, another **25 days** elapsed. The clock stopped at that time, *Williams v. Crist*, 230 Fed. Appx. 861 (11th Cir. 2006); *Patrick v. McDonough*, 2007 WL 3231740 (N.D. Fla. Oct. 29, 2007), and the time remained tolled until at least December 17, 2007, when the court denied Petitioner a belated appeal.

The time resumed running at that time and ran until January 8, 2008, when the instant petition was filed. During that time, another **22 days** elapsed.

In total, 311 days of the one-year statute of limitations were untolled, and therefore, the instant petition was timely filed. In reaching this calculation, the Court has not addressed the

---

[3]In the final say, this 30-day period will not affect the conclusion that the instant petition was timely filed.

*Case No: 1:08-cv-0016-MP-AK*

issue of whether the filing of the second 3.850 motion may have actually related back to the date of the original 3.850 filing, *see Knight v. McNeil*, Case No. 1:07cv62-MMP/AK (N.D. Fla.); *Patrick v. McDonough*, 2007 WL 3231740 (N.D. Fla. Oct. 29, 2007), as that is an unnecessary exercise in this case.

In light of the foregoing, it is respectfully **RECOMMENDED** that the motion to dismiss, Doc. 15, be **DENIED**, and this cause be **REMANDED FOR FURTHER PROCEEDINGS**.

**IN CHAMBERS** at Gainesville, Florida, this  *13th*  day of January, 2009.

> *s/ A. KORNBLUM*
> **ALLAN KORNBLUM**
> **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**