# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

**CLARENCE WALLESKE,**

    **Petitioner,**

**vs.**　　　　　　　　　　　　　　　　　　　　**CASE NO. 1:08cv16-MMP-AK**

**WALTER MCNEIL,**

    **Respondent.**

_____/

## REPORT AND RECOMMENDATION

    Plaintiff is a *pro se* inmate seeking habeas corpus relief. By prior Report and Recommendation, the undersigned recommended that Respondent's motion to dismiss be denied, doc. 20, and that R&R, to which Respondent has not objected, remains pending before the District Judge. Ten days after the R&R was entered, Petitioner filed a "motion for restraining order," in which he complains that an "officer has taken my legal material, legal mail, and my own purchased law books in confiscation and/or have destroyed and mangled my law work private property of many hard house of research and work." Doc. 21. He complains that he has "much to file," including documents with the "Secretary of State."

    After the District Judge referred the motion for restraining order to the undersigned for disposition, Doc. 22, the Court directed Respondent to respond. Doc. 23. Respondent has complied with that order. Doc. 28.

Granting or denying a preliminary injunction is a decision within the discretion of the district court.  Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997), *citing* United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983).  Guiding this discretion is the required finding that plaintiff has established:

> (1) a substantial likelihood of success on the merits;
>
> (2) a substantial threat of irreparable injury if the injunction were not granted;
>
> (3) that the threatened injury to the plaintiffs outweighs the harm an injunction may cause the defendant;  and
>
> (4) that granting the injunction would not disserve the public interest.

Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Carillon Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983).  A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff.  Jefferson County, 720 F.2d at 1519, *citing* Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974).

The unavailability of an adequate remedy at law is essentially a prerequisite to a finding of irreparable injury.  Jefferson County, 720 F.2d at 1520 (finding the possibility of adequate compensatory or other corrective relief available at a later date weighs heavily against a claim of irreparable harm."); *see* Lewis v. S. S. Baune, 534 F.2d 1115, 1124 (5th Cir. 1976).

It is perfectly clear that injunctive relief is not required to enable Petitioner to continue with this habeas matter.  While prison officials have denied Petitioner access to legal materials regarding the alleged right under the Uniform Commercial Code of a prisoner to "redemption" of his person (which is where the "Secretary of State" presumably figures into this equation), it is

equally clear that other legal and personal materials have been returned to Petitioner. Doc. 28, Ex. F & G.

"Redemption" is not an issue in this case, and thus, to the extent that Petitioner seeks the return of any materials not related to this particular habeas action, the motion for restraining order should be denied. If Petitioner wishes to litigate whether prison officials can confiscate particular books and documents related to redemption, he must exhaust his available administrative remedies and then file a separate cause of action if he has legal and factual support for a claim that his constitutional rights have been violated in that regard. Because Plaintiff has an adequate remedy at law regarding the redemption materials, there cannot be a finding of irreparable injury. Therefore, failing to issue an injunction here would not constitute a "substantial threat of irreparable injury."

As to the other materials, they have been returned to Petitioner, and thus, as to those materials, the motion for restraining order is moot.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for restraining order, Doc. 21, be **DENIED.**

**IN CHAMBERS** at Gainesville, Florida, this 3rd day of March, 2009.

> *s/ A. KORNBLUM*
> **ALLAN KORNBLUM**
> **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**